## IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA
## HUNTINGTON, WEST VIRGINIA

**LISA BECKETT,**

  **Plaintiff,**

            Civil Action No. 21-C-228
            **JURY TRIAL DEMANDED**

**v.**

                /s/ **ALFRED E. FERGUSON**

**MOUNTWEST FOUNDATION,**
**INC.,**

  **Defendant.**

### SUMMONS

To the above-named DEFENDANT:   Mountwest Foundation, Inc. c/o Mike Emerson
                One Mountwest Way
                Huntington, West Virginia 25701

   IN THE NAME OF THE STATE OF WEST VIRGINIA: you are hereby summoned and

are required to serve upon **Hoyt Glazer, Plaintiff's attorney**, whose address is: **Glazer Saad**

**Anderson L.C, 320 Ninth St., Suite B, Huntington, West Virginia 25701** an answer, including

any related counterclaim, or any other claim you may have to the complaint filed against you in

the above-styled civil action, a true copy of which is herewith delivered to you. You are required

to serve your answer within twenty (20) days after service of this summons upon you, exclusive

of the date of service. If you fail to do so, judgment by default will be taken against you for the

relief demanded in the complaint and you will be thereafter barred from asserting in another action

any claim you may have which must be asserted by counterclaim, or any other claim in the above-

styled action.

DATED:  **JUN 11 2021**, 2021

             /s/ **JEFFREY E. HOOD**

          By _____

         Clerk of Court

1

**DEFENDANT'S EXHIBIT 1**

**IN THE CIRCUIT COURT OF** _____ **CABELL** _____ **COUNTY, WEST VIRGINIA**

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

### I.  CASE STYLE:

| | |
|---|---|
| **Plaintiff(s)** | Case No. 21-C-228 |
| Lisa Beckett | Judge: /s/ ALFRED E. FERGUSON |
| c/o GSA LC | |
| 320 Ninth Street, Suite B, Huntington, WV 25701 | |

**vs.**

| | | |
|---|---|---|
| | **Days to Answer** | |
| **Defendant(s)** | | **Type of Service** |
| Mountwest Foundation, Inc. | 20 | Certified Mail |
| Name | | |
| c/o Mike Emerson | | |
| Street Address | | |
| One Mountwest Way, Huntington, WV 25701 | | |
| City, State, Zip Code | | |

### II.  TYPE OF CASE:

- [x] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other: _____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other: _____

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

### III.  JURY DEMAND:  [x] Yes  [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year):  6 / 2022

### IV.  DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?

[ ] Yes  [x] No

**IF YES, PLEASE SPECIFY:**

- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

| | |
|---|---|
| Attorney Name: Hoyt Glazer | Representing: |
| Firm: Glazer Saad Anderson L.C. | [x] Plaintiff  [ ] Defendant |
| Address: 320 Ninth Street, Suite B, Huntington, WV 25701 | [ ] Cross-Defendant  [ ] Cross-Complainant |
| Telephone: (681) 522-4149 | [ ] 3rd-Party Plaintiff  [ ] 3rd-Party Defendant |
| [ ] **Proceeding Without an Attorney** | |

Original and ___3___ copies of complaint enclosed/attached.

Dated:  06 / 11 / 2020      Signature: _____

**SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)**          Revision Date: 12/2015

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA
HUNTINGTON, WEST VIRGINIA

**LISA BECKETT,**

        **Plaintiff,**

v.

**MOUNTWEST FOUNDATION,
INC.,**

        **Defendant.**

Civil Action No. 21 -C-228
**JURY TRIAL DEMANDED**

/s/ **ALFRED E. FERGUSON**

## COMPLAINT

Plaintiff, Lisa Beckett, a citizen and resident of Cabell County, West Virginia, worked for Defendant, Mountwest Foundation, Inc. for over approximately 25 years without incident. This spring, Defendant falsely accused her of stealing time, and fired her after she had sought treatment with a new doctor for her anxiety. Ms. Beckett asserts claims under the Family and Medical Leave Act of 1993 ("FMLA"), the West Virginia Human Rights Act, and the common law of West Virginia, and seeks a jury trial to determine damages Defendant has caused her.

## PARTIES

1. Plaintiff, Lisa Beckett is a citizen and resident of Cabell County, West Virginia.

2. Defendant Mountwest Foundation, Inc. ["Mountwest"] is a state community and technical college overseen by an Institutional Board of Governors consisting of twelve (12) persons appointed by the West Virginia governor.

3. Defendant Mountwest, was at all times of the actions giving rise to this matter, the employer of Ms. Beckett.

4. At all times alleged, Defendant Mountwest was a covered "employer" within the meaning of the FMLA.

1

5. Unless otherwise stated, all acts of the Defendant alleged herein were done by the Defendant under the color of law and in accordance with the statutes, regulations, customs and usages of their offices.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this civil action under Article VIII, § 6 of the West Virginia Constitution.

7. Venue is appropriate in this matter under West Virginia Code § 56-1-1(2) because Defendant does business in Cabell County, West Virginia.

## FACTS

8. In 1996, Ms. Beckett began her employment as an administrative assistant for Defendant.

9. Over the course of her employment, Ms. Beckett met or exceeded the Defendant's legitimate expectations of her work, and she never received any reprimands or warnings about her performance.

10. During the past several years of her employment, Ms. Beckett suffered from anxiety.

11. Defendant knew Ms. Beckett had anxiety, and in 2019, it approved Ms. Beckett to take FMLA leave.

12. Over her 25 years' employment, Ms. Beckett always notified her direct supervisor, Mr. Rick Brown, of her need to take time to treat her anxiety, and had always received approval for the same.

13. Near the end of 2020, Ms. Sarah Dick took charge over Ms. Beckett's department.

14. In April 2021, Ms. Beckett was in the process of obtaining another physician to treat her anxiety.

15. Ms. Beckett was in the process of seeking FMLA leave for her anxiety in April 2021, and

2

obtaining the appropriate paperwork for the same.

16. Defendant knew and/or reasonably should have known Ms. Beckett required leave for her anxiety in April 2021, and/or of her attempt to receive FMLA leave for the same.

17. On or about the week of April 5, 2021, Ms. Beckett timely notified Defendant that she would require time off work for illness.

18. That same week, Ms. Beckett needed to leave work early because of illness, and notified Defendant of the same.

19. The Defendant failed to make a record that Ms. Beckett had notified it of her absence and claimed that Ms. Beckett did not notify her supervisor that she was ill.

20. On April 13, 2021, Defendant met with Ms. Beckett and accused her of falsifying a time card.

21. The Defendant threatened to prosecute Ms. Beckett for allegedly falsifying time.

22. Defendant's accusation caused Ms. Beckett to suffer an immediate panic attack, which required her to leave the premises.

23. When Defendant accused Ms. Beckett of stealing time, it knew and/or reasonably should have known that she had anxiety, and that accusing her of the same would cause her an anxiety attack.

24. Since her termination, Ms. Beckett has been unable to find suitable, gainful employment, and has suffered wage loss and emotional distress.

## COUNT I: DISCRIMINATION/RETALIATION FOR MS. BECKETT'S EXERCISING RIGHTS AND ENGAGING IN CONDUCT PROTECTED UNDER THE FAMILY AND MEDICAL LEAVE ACT

25. Plaintiff incorporates the previous paragraphs as if set forth herein.

26. Before requesting and/or requiring a leave of absence (FMLA leave), Ms. Beckett had been employed by Defendant for longer than twelve (12) months and had worked at least 1250 hours of service for Defendant during the prior twelve-month period.

27. When Plaintiff notified Defendant of her serious health condition (anxiety) and/or her need to take time off from work to care for and treat the same, she gave adequate and proper notice of her need to take leave under the FMLA.

28. When Plaintiff requested and/or required leave, she was qualified and eligible for a leave of absence under the FMLA, and, in fact, Defendant approved her FMLA leave.

29. In notifying Defendant of her serious health condition and her taking time to receive care for her serious health condition, Plaintiff engaged in conduct protected under the FMLA that entitles her to all relief under the FMLA, including job protection.

30. Defendant took adverse action against Ms. Beckett, including, but not limited to, failing to allow her medical leave and terminating her while she was in the process of seeking FMLA.

31. Plaintiff's protected conduct under the FMLA was a motivating factor in Defendant' decision to take adverse action against Plaintiff, up to and including termination.

32. Defendant's termination of Plaintiff after she notified Defendant that she had a serious health condition and required time off work due to her health condition was reckless and in deliberate disregard of Plaintiff's rights under the FMLA, and in violation of the FMLA's anti-discrimination and retaliation provisions.

33. Defendant's conduct, up to and including its termination of Plaintiff, is and was in bad faith,

4

malicious, reckless and purposefully indifferent to Plaintiff's rights under the FMLA, and she seeks recovery as set forth in the prayer for relief.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT

34. Plaintiff incorporates the previous paragraphs as if set forth herein.

35. Plaintiff is a qualified person with a disability under the West Virginia Human Rights Act (W. Va. Code §5-11-9, et seq.).

36. Plaintiff has a health condition, anxiety, that substantially limit certain major life activities including, but not limited to, working.

37. Alternatively, Defendant and its agents regarded Plaintiff as having an impairment that substantially limits one or more of her major life activities.

38. At all times alleged, the Plaintiff is and was qualified for the original job she held with the Defendant because Plaintiff satisfies and satisfied the skill, experience, and other job-related requirements for the position she held, and she was and is able to perform the essential functions of her job, with or without reasonable accommodation.

39. Defendant took adverse action against Plaintiff when it 1) refused to accommodate her by allowing her time off for illness 2) and terminating Plaintiff without making any reasonable efforts to accommodate her anxiety.

40. Plaintiff's status as a person with a disability was a motivating factor in Defendant's decision to take the above-referenced adverse actions against her.

41. Any reason alleged by Defendant for its above-referenced, adverse actions against Plaintiff, is pretext for the real reason, namely, the intentional discrimination by Defendant against the Plaintiff based on her status as a person with a disability and/or its perception of Plaintiff as a person with a disability.

42. As a direct and/or proximate result of the intentional discriminatory acts and practices of Defendant, the Plaintiff has suffered and continues to suffer injury including, but not limited to, past and future loss of income and other benefits of employment, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to her reputation, as well as other past and future pecuniary losses.

43. Defendant knew or reasonably should have known that their actions against Plaintiff were false, wanton, willful, malicious, and intended to solely harm her and were indifferent to Plaintiff's rights under the West Virginia Human Rights Act. Wherefore, Plaintiff requests punitive damages and the relief as set forth below.

## COUNT III: *HARLESS* CLAIM BASED ON THE PUBLIC POLICIES OF FMLA

44. Plaintiff incorporates the previous paragraphs as if set forth herein.

45. Before her termination by Defendant, Ms. Beckett had performed all conditions, covenants, promises, duties and responsibilities required of her and in accordance and conformity with Defendant's legitimate expectations.

46. In striving to comply with her duties as an employee and with the Family and Medical Leave Act, Plaintiff notified Defendant of her need for FMLA, and received approval for FMLA leave.

47. Plaintiff's discharge followed her protected activity (seeking FMLA) within such a period of time (while she was eligible for and seeking FMLA) that the Court can make an incredibly, strong inference of retaliatory motivation.

48. The Defendant' treatment and termination of Plaintiff is a retaliatory and wrongful discharge in violation of the public policies embodied in the FMLA. *Vandevander v. Verizon Wireless, LLC*, 149 F. Supp. 3d 724, 731 (S.D.W.Va. 2016)(Chambers, J.)(noting FMLA

provides a substantial public policy sufficient to support a West Virginia common law claim for retaliatory discharge in violation of public policy); *Collins v. Defendant Home Ctrs., LLC*, 2017 U.S. Dist. LEXIS 201430 (S.D.W.Va. December 7, 2017)(Chambers, J.)(Following *Vandevander*).

49. As a direct and proximate result of Defendant's intentional, discriminatory, and retaliatory acts against her, Plaintiff has suffered and continues to suffer injury, including, but not limited to, loss of past and future earnings and other benefits of employment, anguish, pain and suffering, humiliation, loss of enjoyment of life, costs associated with obtaining employment, embarrassment, damage to her reputation and other past and future pecuniary losses. Wherefore, Plaintiff seeks relief as set forth below.

50. Defendant and its agents knew or reasonably should have known that their actions taken against Plaintiff were false, wanton, willful, and malicious and designed and intended solely to harm Ms. Beckett.

51. Defendant's actions are and were indifferent to Plaintiff's rights under the public policies embodied in FMLA. Wherefore, Plaintiff seeks punitive damages and relief as provided below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lisa Beckett requests judgment against the Defendant as follows:

a. On all Counts, actual damages including, but not limited to, damages for lost wages (back and front pay), lost compensation and benefits, and costs of treatment for emotional and/or physical harm suffered by Ms. Beckett as a direct and/or proximate result of the above stated unlawful actions;

b. On Count I, liquidated damages and all amounts recoverable under the FMLA;

7

c.  On Counts II and III, general and compensatory damages for annoyance, inconvenience, embarrassment anxiety, humiliation, and any other emotional harm suffered by Plaintiff as a direct and/or proximate result of Defendant' aforementioned actions;

d.  Punitive damages against the individual Defendant, in his individual capacity only, sufficient to deter future improper and unlawful conduct and blatant disregard of mandates designed to protect West Virginians' health and safety;

e.  Attorneys' fees and the costs of pursuing this action;

f.  Prejudgment and post judgment interest on all amounts allowed by law;

g.  Such further relief as is supported by the law; and

h.  Any relief this Court deems fair and proper in the interests of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

PLAINTIFF, LISA BECKETT
By Counsel,

Hoyt Glazer (WV Bar #6479)
Abraham J. Saad (WV Bar #10134)
Eric Anderson (WV Bar #11895)
GLAZER SAAD ANDERSON L.C.
320 Ninth Street, Suite B
Huntington, WV 25701
T. 304-522-4149
F. 800-879-7248
hoyt@gsalaw-wv.com
abe@gsalaw-wv.com
eric@gsalaw-wv.com

8

## VERIFICATION

I Lisa Beckett after being duly sworn, say that the facts and allegations contained in my Complaint are true, except insofar as they are therein stated to be upon information and belief, and that insofar as they are therein stated, they are believed to be true.

_Lisa Beckett_

Taken, sworn to and subscribed before me this 11th day of June 2021.

My commission expires ___July 13, 2022___

NOTARY PUBLIC